CURTIS R. TINGLEY (SBN 112322)
ctingley@tingleyllp.com
BRUCE C. PIONTKOWSKI (SBN 152202)
bpiontkowski@tingleyllp.com
JONATHAN A. McMAHON (SBN 239370)
jmcmahon@tingleyllp.com
TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone: (408) 283-7000
Facsimile: (408) 283-7010

Attorneys for Defendants
NICHOLAS L. CAPURRO and
CAPURRO ENTERPRISES INCORPORATED

UNITED STATES DISCTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CERTA PROPAINTERS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS L. CAPURRO, an individual, and CAPURRO ENTERPRISES INCORPORATED, a California Corporation, <br><br> Defendants. | CASE NO. CV10-1542 WHA <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORY NO. 5 AND 6** <br><br> Date: June 1, 2011 <br> Time: 2:00 p.m. <br> Courtroom 9, 19th Floor |

## I. INTRODUCTION

Plaintiff CERTA PROPAINTERS, LTD ("Plaintiff" or "CertaPro") served overbroad, cumulative and duplicative Requests for Production. The requests also sought documents that were not relevant to the parties' claims or defenses. Nonetheless, Defendants did agree to produce certain relevant documents that are responsive to the requests. Defendants have substantially complied with their agreement. This motion, therefore, was not necessary and should be denied.

Plaintiff also served its First Set of Interrogatories. The interrogatories that are the subject

of this motion (*i.e.*, Interrogatory Nos. 5 and 6), however, could not be answered by Defendants because they did not identify the names of the individuals or businesses about which these interrogatories sought additional information. Now that Plaintiff has identified these individuals and businesses by name, Defendants can and will supplement their responses. This motion, therefore, is moot and should be denied.

## II. STATEMENT OF FACTS

In its Complaint, Plaintiff alleges that Defendant Nicholas Capurro owned and operated a franchise of Plaintiff's CertaPro painting business. Now, Capurro is operating his own painting business, Defendant Majestic Painters. Plaintiff claims that in doing so, Capurro breached the purported Franchise Agreement between Capurro and Plaintiff and that Capurro and Majestic Painters have infringed Plaintiff's trademarks. Defendants deny these allegations.

Despite the numerous allegations in the Complaint, this is a rather simple and straightforward breach of contract case between a franchisor and a franchisee. Majestic Painters is a small painting business operated by Capurro and his fiancée, Amber Wakeman. This is not a complicated matter that requires extensive discovery. Nonetheless, Plaintiff served burdensome, overbroad, and overreaching discovery requests. Defendants responded to these requests, and agreed to produce certain documents and respond to certain interrogatories, once additional information was provided to them. To date, they have substantially complied with their agreement. This motion, therefore, was not necessary, is moot, and should be denied.

## III. ARGUMENT

### A. Plaintiff's Requests for Production Seek Information That Is Irrelevant, Unreasonably Cumulative And Duplicative, And Unduly Burdensome; Nonetheless, Defendants Have Agreed to and Have Produced Responsive Documents

Each party to litigation generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." (Fed. R. Civ. P. 26(b)(1).) Only "for good cause" will a court order discovery of information that is "relevant to the subject matter involved in the action." (Id.)

Rule 26(b)(1) was enacted "'to involve the court more actively in regulating the breadth of sweeping or contentious discovery.' In particular, the [Federal] rules limit the breadth of

discovery that can occur absent court approval. Under Rule 26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" (Elvig v. Calvin Presbyterian Church 375 F.3d 951, 968 (9th Cir. 2004) (*citing* Adv. Comm. Notes to 2000 Amendment to FRCP 26(b)(1)).)

Plaintiff's First Set of Requests for Production are overbroad and do not describe with reasonable particularity the documents or categories of documents that they seek to discover. (Fed. R. Civ. Proc. 34(b)(1)(A).) For example, Request No. 6 demands that Defendants identify "all documents that relate to your operation of the Franchise Business in a diligent, efficient and reputable manner since January 1, 2009, as required by . . . the Franchise Agreement." It would be impossible for Defendants to respond to this request, much less produce responsive documents. Every single document of Defendants could arguably relate to the "diligent, efficient, and reputable manner" in which Capurro operated his business.

Likewise, Request No. 20 requires Defendants to "identify all documents that identify the suppliers and vendors used in connection with the operation of Majestic Painters." Again, this request is far too broad and does not describe with any sort of particularity the documents it seeks to discover. Responding to this request would potentially require Defendants to produce every single receipt for every purchase that they have made related to the painting business. Furthermore, this request seeks information and documents that are in no way relevant to any of the claims or defenses in this case. This is a simple breach of contract case in which Plaintiff alleges that Defendants breached the Franchise Agreement between Plaintiff and Defendant Capurro. There is nothing in the allegations contained in Plaintiff's complaint that relates to Majestic Painter's suppliers. Request No. 20 seeks information that is simply not relevant.

Even a cursory review of the Requests for Production at issue reveals that they represent the very sort of "sweeping discovery" that Rule 26(b)(1) was enacted to prevent.

Additionally, many of the Requests for Production seek documents that are already in Plaintiff's possession, custody and control. Specifically, Request No. 1 asks for documents that relate to royalty fees paid by Capurro to Plaintiff. Thus, **Plaintiff already has this information**.

Request No. 2 asks for all documents that relate to Capurro having achieved the gross sales requirements purportedly established by the Franchise Agreement. Again, **Plaintiff already has this information**. The request seeks documents that relate to Capurro's sales while he was a franchisee of Plaintiff; These documents were already given to Plaintiff as a routine part of Capurro's former relationship with Plaintiff. Request Nos. 3, 4 and 5 suffer from the same flaw. Each of these requests seek documents that Plaintiff already has.

Rule 26(b)(2)(C) provides: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is **unreasonably cumulative or duplicative**, or **can be obtained from some source that is more convenient**, less burdensome, or less expensive . . . or; (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Plaintiff already has the information sought in Request Nos. 1-5. This discovery, therefore, is unreasonably duplicative and can obviously be obtained from another source (*i.e.*, Plaintiff's own records).

Despite the fact that Plaintiff's First Set of Requests for Production are overbroad, seek irrelevant information, are unreasonably duplicative, and seek documents that can be obtained from a more convenient source, Defendants nonetheless did agree to produce certain documents. To date, Defendants have substantially complied with this agreement. Specifically, Defendants agreed to produce:

1. Majestic Painters' accounting documents and Profit and Loss Statements (responsive to Request Nos. 1, 3, 22);

2. Documents regarding local advertisements (responsive to Request No. 4);

3. Documents related to the termination of the Franchise Agreement (responsive to Request No. 7);

4. Documents related to CertaPro's waiver of the covenants of the Franchise Agreement (responsive to Request No. 8);

5. Majestic Painters' corporate documents (responsive to Request No. 10);

6. Majestic Painters' current Web site (responsive to Request No. 11);

7. Documents related to the named individuals and businesses identified in the Requests for Production as purportedly being customers, former customers, or leads Plaintiff (responsive to Request Nos. 13, 14, 15);

8. Majestic Painters' original Web site (responsive to Request No. 16);

9. Documents related to Majestic Painters' use of telephone and facsimile numbers and email addresses (responsive to Request No. 17);

10. Documents regarding advertising or promotion on Yelp, Thumbtack, Service Magic, Facebook, and advertisements (responsive to Request No. 18);

11. Documents to identify Home Depot, Lowes, Sherwin Williams, Benjamin Moore, Kelley Moore, Office Depot, Orchard Supply Hardware, and Office Max (responsive to Request No. 20);

12. A list of Majestic Painters' customers (responsive to Request No. 21); and

13. Documents that support Defendants' affirmative defenses (responsive to Request Nos. 23-30).

Defendants have substantially complied with their agreement to produce the items listed immediately above. To the extent that Defendants have agreed to produce documents but have not yet made such a production, the documents are forthcoming.

Specifically, Defendants have already produced the following documents:

1. Capurro Enterprises Incorporated's commercial insurance policy for the period June 19, 2009, to June 19, 2010 (Bates stamp Nos. DEF00001 to DEF00109) (responsive to Request No. 10) (See McMahon Declaration ¶ 2);

2. Majestic Painters' original Web site, dated August 10, 2010, (Bates stamp Nos. DEF00110 to DEF00125) (responsive to Request Nos. 16, and 23-30) (See McMahon Declaration ¶ 3);

3. Nick Capurro's Majestic Painters' business card (Bates stamp Nos. DEF00126 to DEF00127) (responsive to Request Nos. 17 (showing phone numbers used) and 23-30) (See

McMahon Declaration ¶ 4);

4. Majestic Painters' Fictitious Business Name Statement, filed in January 2010 (Bates stamp No. DEF00128) (responsive to Request No. 10) (See McMahon Declaration ¶ 5);

5. Defendants' Federal Tax Employer Identification Number, as of February 16, 2006 (Bates stamp No. DEF00129) (responsive to Request No. 10) (See McMahon Declaration ¶ ¶ 6);

6. Capurro Enterprises Incorporated's Fictitious Business Name Statement, filed on February 17, 2008 (Bates stamp No. DEF00130) (responsive to Request No. 10) (See McMahon Declaration ¶ 7);

7. Capurro Enterprises Incorporated's California Franchise Tax Board Address Verification Notice, dated March 1, 2006 (Bates stamp No. DEF00131) (responsive to Request No. 10) (See McMahon Declaration ¶ 8);

8. Capurro Enterprises Incorporated's Articles, filed February 8, 2006 (Bates stamp Nos. DEF00132 to DEF00133) (responsive to Request No. 10) (See McMahon Declaration ¶ 9);

9. Majestic Painters' Web site home page, as of April 23, 2010 (Bates stamp Nos. DEF00134 to DEF00135) (responsive to Request Nos. 11, 16, and 23-30) (See McMahon Declaration ¶ 10);

10. A Majestic Painters advertisement (Bates stamp No. DEF00136) (responsive to Request Nos. 4, 17, 18, and 23-30) (See McMahon Declaration ¶ 11);

11. Google search for "nick capurro", dated April 23, 2010, (Bates stamp Nos. DEF00137 to DEF00138) (responsive to Request Nos. 4, 11, 16, 17, 18, and 23-30) (See McMahon Declaration ¶ 12);

12. Livermore CertaPro Web page, dated April 23, 2010, (Bates stamp Nos. DEF00139 to DEF00140) (responsive to Request Nos. 4, 11, 16, 17, 18, and 23-30) (See McMahon Declaration ¶ 13);

13. Majestic Painters' Yelp page, dated April 23, 2010 (Bates stamp Nos. DEF00141 to DEF00142) (responsive to Request Nos. 18 and 23-30) (See McMahon Declaration ¶ 14);

14. Google Maps results for "CertaPro Painters" near Livermore, California, dated

April 23, 2010 (Bates stamp Nos. DEF00143 to DEF00145) (responsive to Request Nos. 4, 11, 16, 17, 18, and 23-30) (See McMahon Declaration ¶ 15);

15. Capurro Enterprises, Inc.'s liability insurance certificate for June 19, 2009, to July 22, 2010 (Bates stamp No. DEF00146) (responsive to Request No. 10) (See McMahon Declaration ¶ 16);

16. Google search results for "capurro painter", dated April 23, 2010 (Bates stamp Nos. DEF00147 to DEF00148) (responsive to Request Nos. 4, 11, 16, 17, 18, and 23-30 ) (See McMahon Declaration ¶ 17);

17. 123People search results for "Nick Capurro", dated April 23, 2010 (Bates stamp Nos. DEF00149 to DEF00150) (responsive to Request Nos. 4, 11, 16, 17, 18, and 23-30) (See McMahon Declaration ¶ 18);

18. Nick Capurro's CertaPro Painters business card (Bates stamp Nos. DEF00151 to DEF00152) (responsive to Request Nos. 17 (showing phone numbers used) and 23-30) (See McMahon Declaration ¶ 19);

19. Amber Wakeman's CertaPro Painters' business card (Bates stamp Nos. DEF00153 to DEF00154) (responsive to Request No. 17 (showing phone numbers used) and 23-30) (See McMahon Declaration ¶ 20);

20. CertaPro Painters' Certainty Service System catalog (Bates stamp Nos. DEF00155 to DEF00166) (responsive to Request Nos. 23-30) (See McMahon Declaration ¶ 21);

21. CertaPro Painters' Exterior Color Combinations catalog (Bates stamp Nos. DEF00167 to DEF00174) (responsive to Request Nos. 23-30) (See McMahon Declaration ¶ 22);

22. CertaPro Painters' advertisement brochure (Bates stamp Nos. DEF00175 to DEF00176) (responsive to Request Nos. 4, 23-30) (See McMahon Declaration ¶ 23);

23. Majestic Painters' current Web site (Bates stamp Nos. DEF00177 to DEF00182) (responsive to Request Nos. 11, 23-30) (See McMahon Declaration ¶ 24);

24. Majestic Painters' current Facebook page (Bates stamp Nos. DEF00183 to DEF00184) (responsive to Request Nos. 18, 23-30) (See McMahon Declaration ¶ 25);

25. Majestic Painters' current thumbtack.com page (Bates stamp Nos. DEF00185 to

DEF00186) (responsive to Request Nos. 18, 23-30) (See McMahon Declaration ¶ 26);

26. Amber Capurro's Majestic Painters' business card (Bates stamp Nos. DEF00187 to DEF00188) (responsive to Request No. 17 (showing phone numbers used) and 23-30) (See McMahon Declaration ¶ 27); and

27. Current Google search results for "majestic painters" (Bates stamp Nos. DEF00189 to DEF00190) (responsive to Request Nos. 4, 11, 16, 17, 18, and 23-30) (See McMahon Declaration ¶ 28).

Defendants, therefore, have substantially complied with their agreement to produce certain documents in response to the Requests for Production. To the extent that certain documents have not yet been produced (*e.g.*, Defendants' profit and loss statements), they are forthcoming. Majestic Painters is a two-person operation and does not have a sophisticated records retention system. Defendants are diligently working to produce those documents that they originally agreed to produce. Nonetheless, most of such documents have already been produced.

This motion, therefore, is moot and should be denied.

**B.     Defendants Will Supplement Their Responses to Interrogatory Nos. 5 and 6**

Interrogatory No. 5 asks Defendants to "IDENTIFY all CertaPro LEADs and ESTIMATES that were converted into Majestic customers." Similarly, Interrogatory No. 6 asks Defendants to "IDENTIFY all CertaPro LEADs and ESTIMATEs entered into CertaPro's proprietary software "Certa Notes" as a "DEAD LEAD" or "DEAD ESTIMATE" and the reason for such categorization.

Defendants objected to these interrogatories and stated that "Responding Party is unable to answer this interrogatory because Responding Party is not aware of CettaPro's LEADs and ESTIMATEs. Responding Party is not longer affiliated with CertaPro and does not have access to its list of LEADs or ESTIMATEs." **This is a completely valid objection**. Defendant Capurro no longer has access to Plaintiff's "Certa Notes" database and, therefore, has no way of knowing who was a CertaPro LEAD or ESTIMATE. There was simply no way Defendants could respond to this interrogatory; **They do not have access to the information that is necessary to form a**

1 **response**.

2 Nonetheless, now that Plaintiff has identified in its Requests for Production the names of those individuals and business that it apparently considers to be the relevant LEADS and ESTIMATES, Defendants will supplement their responses to Interrogatory Nos. 5 and 6. A complete response to these interrogatories could have been given long ago if Plaintiff had only identified these individuals and businesses when it first served the Interrogatories. Defendants cannot be required to guess the subject matter of an interrogatory.

Now that Plaintiff has identified by name the individuals and businesses that are relevant to Interrogatory Nos. 5 and 6, Defendants will supplement their responses to these interrogatories. This motion, therefore, is unnecessary and moot and should be denied.

## IV. CONCLUSION

Defendants have substantially complied with their agreement to produce documents that are responsive to certain Requests for Production. To the extent that promised documents have not yet been produced, they are forthcoming. Furthermore, now that Plaintiff has supplied the information necessary for Defendants to draft a response to Interrogatory Nos. 5 and 6, Defendants will supplement their responses to these interrogatories.

This motion, therefore, is moot. It should be denied.

Dated: May 27, 2011

TINGLEY PIONTKOWSKI LLP

By: _____
BRUCE C. PIONTKOWSKI
JONATHAN A. MCMAHON
Attorneys for Defendants